PETRUCELLI v. STEINHARTER

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2838. Decided July 6, 1926

954. PRIVILEGED COMMUNICATIONS— A patient cannot claim the right of privilege to confidential communications made to a physician where such physician brings an action to recover fees for services rendered and the questions allowed to be answered by the physician were such as were essential in order to show his employment an dthe services which he performed.

BUCHWALTER, P. J.

This action was brought by Edgar Steinharter for the value of his services as a physician, alleged to have been rendered to his patient Hannah Petrucelli. The Hamilton Common Pleas rendered judgment in favor of Steinharter and error was prosecuted by Petrucelli, it being claimed that the Court abused its discretion in refusing to grant her motion for postponement of the trial, and that the court erred in the admission of evidence.

The reason assigned in the motion for continuance was that Petrucelli was unable, because of illness, to attend court on the day

set for trial, and, that her testimony was material. On hearing, counsel for Petrucelli stated that there was an action for damages pending for malpractice, filed by her, involving the same facts and requiring the names of certain witnesses which he had been unable to obtain.

It was claimed that had the patient been present, she would have testified that she did not incur the obligation, and that the operation was performed without her consent and over her objection. The Court of Appeals, on error proceedings, held:

1. It appears from the bill of exceptions that the physician attending Petrucelli, stated to the court that the patient's deposition could be aken without injurious effects; and also that there was no prospect of her condition improving without an operation, which she had not agreed to, and which might never take place.

2. The deposition was taken and read in the cause; and under the facts, the action of the trial court was not arbitrary nor was it an abuse of discretion in overruling the motion for a continuance.

3. It is claimed that the court erred in admitting evidence, which consisted of confidential communications between physician and patient and therefore privileged under 11494 GC.

4. If it becomes necessary for a physician to bring an action against a patient, the patient's privilege could not prevent the physician from disclosing what was essential as a means of obtaining or defending his own rights.

5. In view of the fact that this is a case wherein a physician is bringing an action for fees for services rendered; that there was a suit pending against him for malpractice; that Petrucelli denied that she employed the physician to render medical services or to perform an operation, and that the deposition of the defendant, with reference to this claim, was on file and read in the case, the questions which were allowed to be answered by the physician were only such questions as were essential in order to show employment of the physician and the services which he performed; and the admission thereof did not constitute error.

Judgment affirmed.

(Hamilton & Cushing, JJ., concur.)

Attorneys—Dudley C. Outcalt for Petrucelli; Murray Seasongood and Lester A. Jaffe for Steinharter; all of Cincinnati.